NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0187n.06

No. 10-2497

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 16, 2012**

LEONARD GREEN, Clerk

ROBERT T. SMIT,

    Plaintiff-Appellant,

v.

PAULA MEYER,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

Before: MARTIN and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

PER CURIAM. Robert T. Smit, a former Michigan state prisoner who is represented by counsel, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.

Smit sued Paula Meyer, a nurse practitioner assigned to the prison where he was incarcerated, alleging that she was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The complaint alleged that Smit injured his back in the prison weight room on May 22, 2008. On June 6, 10, and 20, 2008, Smit saw Meyer, who allegedly told him that she would not refer him for an MRI because his parole was imminent and he could have back surgery after his release. On June 24, 2008, Smit fell and was unable to get up. He was taken to the hospital and had surgery on two herniated discs the next day.

The parties consented to have the case heard by a magistrate judge. Meyer testified in her deposition that she diagnosed Smit with inflammation and muscle spasms. She treated him

_____

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

aggressively with a medical work excuse, ice, heat, pain medications, steroids, and muscle relaxants. Meyer testified that she saw no warning signs of nerve injury, but would have referred him for an MRI if the course of treatment she provided was not effective. When asked what the warning signs for a nerve injury included, Meyer noted that muscle weakness in the legs was one of four such symptoms. However, she testified that the treatment appeared to be working. Meyer deemed it significant that Smit had reported on June 20 that the pain had completely resolved. This indicated to her, in an assessment confirmed by the physician she consulted while treating Smit, that there was no significant nerve involvement. Otherwise, the pain would not have gone away. Unfortunately, the pain returned the next day, when Smit resumed working. The need for surgery became evident within days thereafter.

Meyer filed a motion for summary judgment. Smit responded with an affidavit in which he stated that he had informed Meyer of muscle weakness in his legs during his consultations with her. The magistrate judge granted Meyer's motion for summary judgment, and this appeal followed.

Smit argues that there is a question of material fact as to whether Meyer had knowledge of a serious medical condition requiring surgery because she was aware that he was suffering from muscle weakness in his legs. He cites to his affidavit, the fact that he was taken to one of his appointments in a wheelchair, and a note from a nurse, which Meyer testified she would not have reviewed, stating that Smit's leg strength was slightly decreased.

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the magistrate judge's decision de novo. *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006). In order to establish an Eighth Amendment violation, Smit was required to demonstrate that Meyer was deliberately indifferent to his serious medical needs, amounting to an unnecessary and wanton infliction of pain. *Id.* at 423-24. To meet this burden, Smit was required to show that Meyer actually knew of his alleged serious medical need. *Id*. at 424. Negligence in diagnosis or treatment is insufficient to satisfy this standard. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, an unsupported affidavit that is contradicted by other evidence does not create a genuine dispute of material fact sufficient to survive a summary judgment motion. *See Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993). Meyer specifically testified at her deposition that she found no weakness during her examinations of Smit, and that she did not review the nurses' notes. Smit submitted no contrary evidence. Nor would Smit's use of a wheelchair necessarily indicate muscle weakness. Therefore, only Smit's affidavit claiming that he complained of muscle weakness supports his appeal. However, his unsupported affidavit is contradicted by Meyer's testimony and her documentation of treatment. Although Smit attempts to equate Meyer's treatment to a refusal to verify a serious medical need that she strongly suspected existed, citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), the record shows that Meyer can support her diagnosis of inflammation and muscle spasms as opposed to herniated discs. She treated the diagnosed condition aggressively, and the treatment appeared to be working until Smit suffered a relapse. The fact that Smit was found to have herniated discs after his fall does not suggest that Meyer was aware of their existence.

We affirm the district court's order.